Davis *v.* The State.

## DAVIS *v.* THE STATE.

1. CRIMINAL LAW.  *Less than twelve months imprisonment.  Forgery.*  Sec. 5232*a* of the Code, which provides for the punishment of felonies, leaving it discretionary with the jury to fix the punishment at less than twelve months in the county jail, is construed to apply in this respect only to cases where twelve months in the penitentiary is fixed as the minimum punishment, and will not apply to a case of forgery.

Code cited: Sec. 5232*a*.

2. SAME.  *Failure to furnish indictment to prisoner.*  To entitle the prisoner to the benefit of a failure to furnish him with a copy of the indictment, the record must show that the copy was not furnished, otherwise the Supreme Court will presume that it was furnished or waived.

Case cited: Nobes *v.* The State, 6 Cold, 297.

No record to be found.

McFARLAND, J., delivered the opinion of the court.

The prisoner was convicted of the crime of forgery, and the jury fixed the term of his imprisonment at four years in the State penitentiary, and the court refused a new trial, and pronounced judgment upon the verdict.

The only question made by the bill of exceptions is this: The punishment fixed by the criminal code for the crime of forgery is imprisonment in the penitentiary not less than three nor more than fifteen years: Code, sec. 4741—by the act of 1859–60—ch. 63, T. and S. Statutes, 5232*a*, it is enacted, that "In no case shall any person convicted of a felony be confined for a less period than twelve months in the

penitentiary, *provided*, that whenever, in the opinion of the jury in any case, the offense merits a less punishment than twelve months in the penitentiary, that then, in such case, the jury may punish by confinement in the county jail for any period of time short of twelve months."

For the defendant it was insisted that under this proviso the jury should have been instructed, that if in their opinion the crime merited a less punishment than twelve months imprisonment in the penitentiary, they would be at liberty to fix as punishment for a less period in the county jail; but the Circuit Judge was of opinion that this only applied to cases where twelve months in the penitentiary was fixed as the minimum punishment.

We deem it unnecessary to enter into argument to show that in this his honor was clearly correct. The entire criminal code, taken in connection with the section quoted, clearly shows this. It was not the intention of the Legislature, by the proviso quoted, to leave it to a jury to say whether the crime of murder merited the punishment of a few days' imprisonment in the county jail, and this would result from the construction contended for.

Again, it is argued that a new trial should be granted because the record does not show that the prisoner was furnished with a copy of the indictment. We presume it has not been held that the failure of the record to show this constitutes error. To entitle an accused to the benefit of this question the record should show that the copy was not furnished, and in

the absence of this we must presume that it was fur-
nished, or waived by the defendant.

In the case of *Nobes* v. *The State,* 6 Cold., 297,
the record showed that the prisoner demanded a copy
and it was refused, and he was ordered to plead to
the indictment without it.

No other question being made, the judgment will
be affirmed.